The next case, call for oral argument, is Klump v. Klump. Counsel, whenever you're ready, you may proceed. May it please the Court, Counsel? My name is William Meacham, and I represent the appointment of William Klump. Your Honor, with all due respect to my colleague, Mr. Smith, I have to disagree with each and every position that he's taken, and I believe that the case law does not support any of his positions. Mr. Smith alleges that there is a judicial admission in the affidavit of William Klump which takes the matter out of the hands of the fact finder. He further states that whether the defendant actually created the hazard is relevant, when in fact case law indicates that whether or not the defendant actually created the hazard to cause the injury is zero. As regards the judicial admission, this Court ruled back in 1991 that the judicial admission, the rule on judicial admission is not applicable when the party's testimony is inadvertent or amounts to an estimate or opinion rather than a statement of concrete fact. And it's inapplicable when the facts relate to a matter about which a party could be mistaken. In Bill Klump's affidavit, the only concrete facts that he stated were the detractor was locked in gear, the hand clutch was engaged. When he says the clutch is engaged, it means that the gears were disengaged. His brother kind of phrases it a different way. The clutch became disengaged somehow. The detractor ran over him, and he stated as a concrete fact that he did not intentionally disengage the hand clutch. He stated he did not know how the hand clutch became disengaged. I have a question. Do they have a button in them that you click, or what do you do? If I recall, I think it's a squeeze. You squeeze it. And then pull back and stay. If you don't get it, you squeeze it and then go. Forward and disengage. Yeah. Okay. So, you know, the fact that he stated it's possible that I might have both the things is not a concrete fact. Therefore, it cannot be a judicial admission. He didn't say he did. He just said, I don't know what happened. Maybe that happened. According to the testimony of Raymond's son, Raymond said that when the thing became disengaged, Bill was shaking the gearshift lever. Right. Neutral. So there's no basis in law or fact to say that there's any judicial admission which takes this away from the province of the jury if you determine what the facts are. In other words, would it make a difference if it was something broken on the squeeze part, that little tang would come out? Is that your argument? If it's back and nobody's touching it, it engages the clutch. Somehow. And then to disengage, you've got to pull a little tang, you know, that part has to come out of the notches before it'll go forward, right? I'm not 100% certain. I know that you pull it back. Kind of like an emergency brake. How it became disengaged, as I recall, the ones I've seen, it had a little squeeze thing on it. And you squeezed that, pulled it back, and then let it loose. It'll stay there. And you squeezed it and pushed it forward. Right. But, you know, I'm not a mechanic anymore. If that was broken also, would that change the position of the owner? Well, certainly. If that was broken, then the owner of the tractor, if he knew or had reason to know it was broken, should have told Toad Clunk that it was broken. But... That question was never asked, was it? Not to my knowledge, no. But I think the fact that... The issue, I believe, is whether or not... It's irrelevant whether or not Raymond Clunk created the condition. The condition existed in the tractor that the tractor was locked in gear. The thing that caused it to move forward was that the clutch somehow became disengaged. It would be up to the tire effect to determine if or how it became disengaged. The... The defendant places a lot of weight on the fact that Bill Clunk's a mechanic, and a better mechanic than Lloyd Clunk. But Lloyd Clunk, in his affidavit, states he's been a farmer all his life. It's his tractor. He and Bill hooked it up and pulled it out from the carport. Clearly, Lloyd Clunk had as much knowledge about the operation of the tractor as his brother. It's not like he's completely unfamiliar with the tractor. It's his tractor. He's been a farmer all his life. He would know, the same as anybody would know, that if the tractor's running, and it's stuck in gear, if that clutch becomes disengaged, and Bill's working on the tractor, the tractor's going to run over Bill. You just don't know what gear it is. Right. He said it... First, last, fourth. Yeah. That's what he said. It died, so it's probably fourth. Right? Didn't it die? The legend died after it ran over Bill? It died. In his affidavit, it says, balled down in soft gravels. Could well have been fourth gear. But anybody who ever operated a motor vehicle would understand that that was a possibility. And all the case law, Ward v. Kmart, subcheck, subcheck case that I cited, the Clifford v. The Working Group, Matthew Rexrude v. City of Springfield, all stand for the proposition that if someone is doing something, and he or she fails to take steps to protect himself or herself, then the landowner should do something about it. Ward v. Kmart talks about the burden of placing placing the burden on the defendant, the probability of injury, and the probability of a really bad injury. Well, obviously anybody would know that the tractor runs over here, it's going to be a terrible injury. What burden would it have been for William Clump to have gotten up in the seat of the tractor, and held on to the clutch, and been there so in case something happened, he could stop it from happening. It would have been a very simple proposition. For him to say, well, I'm not a mechanic, cannot excuse him from knowing, from the fact that he knows how his own tractor works, and he knows what could happen, and it was obvious that Bill Clump, who testified he had to have it running to adjust the carburetor, walked back to the back and started jiggling with the gear shift, and he knows it's locked in gear. Ray should have jumped up and said, Bill, don't do that. Ray should have been in the tractor seat to ensure that something like what happened did not happen to Bill Clump. In the subject case, they discussed the fact that the flask of the defendant had supervised the assembly of bulldozers, and knew that the bulldozer had no roll protection, knew that it could roll over when you're driving off a trailer, and knew that if it rolled over on the planer, it would result in severe injury or death. Mr. Smith makes a big deal out of that. His position is that the court believed that Flaska knew more about the bulldozer, the operation of the bulldozer, than Subcheck, who was operating it. But if you think about it, you realize it's the same thing as in the Clump case. Maybe Flaska knew how to put it together, and maybe Subcheck didn't. Subcheck knew how to run it, and yet it would have been obvious to Subcheck, as well as to Flaska, that it had no roll protection. There's either roll or bar, there's not. And yet the court found Flaska to be liable because he did not warn Subcheck of what should have been obvious to Subcheck, probably based on the same analysis as the rest of these cases. It says if someone is not protecting themselves, and you're there, and you know what you should be doing, you should do something about it. And that's the whole crux of this thing. Here, the trial court improperly ruled that William Clump, or claiming Clump, had no duty to William Clump. Well, William Clump was the owner of the tractor, the owner and occupier of the premises, and he should have been held to the same standard as everybody else is, that if Bill is not taking precautions, he should have said something to him. He didn't. Obviously, he didn't have to wonder whether or not Bill was distracted or whatever. You could see that Bill was working on the tractor while it was running, and jiggling the gear shift while it was running. Should have been in the seat of the tractor. The Breen v. McClellan case cited by the defendant was way back in the days of contributory negligence, and it's distinguished by the fact that the plaintiff, in that case, took it upon himself to go get the tractor and cut the floor, according to the facts related in the appellate opinion. He just swung his foot over where the power takeoff is and got his pants leg caught and unguarded. There's no evidence that the defendant, in that case, even knew the guy was cutting the floor. It's rather hard to have a duty to somebody to protect them when you don't know what they're doing. The fact that the tractor unexpectedly moved, I guess nobody expected it to move, but everyone should have known that it could. It just doesn't make any sense to say, well, Raymond Pumph wasn't directing Bill Pumph, and he was standing 10 feet away. There is a problem. He was standing 10 feet away when he should have been in the seat of the tractor, and if he had been, Mr. Schmidt and I wouldn't be here today. But I can say that it's obvious that the burden of getting in the tractor, that was pretty simple. Both parties had equal knowledge of the operation, and there's no case law that supports the proposition that Floyd Pumph had no duty to Bill Pumph, and there's no case law that supports the proposition that premises liability law is not applicable to this because Bill wasn't an invitee on the place for the purpose of working on the tractor that Raymond owned. That's plain English. That's really all there is to this case. Thank you, counsel. Thank you. Counsel. Good morning. May it please the court. Counsel. Your Honors, my name is Chuck Schmidt. I'm from Carbondale, and I represent the defendant in this case, Lloyd Plano. This is a lawsuit involving claims between two elderly brothers. The plaintiff is a mechanic. The defendant is a carpenter. My client owned a John Deere tractor at the time, and as at least one of you appears to be familiar, this is a tractor that has a gearshift lever located on the transmission between the operator's legs, and to the right, mounted on the transmission housing, is a clutch. It's not like a car where we have a pedal. This has a lever that you push or pull to engage or disengage the clutch, and whether it has a hand grip on it or a button, I don't know, Your Honor. There was no evidence of that in any of the affidavits. All I know is based on the affidavits that are before this court is there was a lever that would have to be pushed one way or the other to engage or disengage the clutch. Now, what happened is the gearshift lever got stuck in a back gear the second or fourth, and my client, the farmer, couldn't get it unstuck. So he calls up his brother, the mechanic, to come over and help him out. The defendant, excuse me, the plaintiff, comes over to my client's house with his truck, backs up to where the tractor's located, hooks a chain from the back of the tractor to the back of the truck, and pulls it out so they can work on it. Now, with the back of the truck and the back of the tractor hooked up with this chain, the plaintiff then goes and starts the engine. It's apparently not idling the way it should be idling, so he makes an adjustment on the carburetor to get it idling the way it should be idling. The plaintiff then does something. I don't know exactly why, but the clutch lever engages and the wheel starts to turn. Now, while this is going on, of course, this is a typical tractor, the plaintiff is standing in front of the right rear tire to do this job. He's adjusting on the carburetor, and he's reaching over to manipulate the gear shift lever, again, standing in front of the right rear tire. While he's doing this, it engages, the tire starts to turn, and it rolls over. It's still hooked to the truck? It's still hooked to the truck, exactly. So it doesn't roll very far. The chain becomes taut, the tractor doesn't go any farther, it bogs down and dies. That's what happens. Now, all the while this is going on, my client is standing 10 feet away. He's not sitting on the seat. He's not helping do anything. He's not asked to do anything. He's there, the farmer, is observing the mechanic work on his tractor. Now, we're here on a motion for summary judgment. The court granted summary judgment for the defendant. This is a personal injury case. I know that it's relatively uncommon for a defendant to be awarded a summary judgment in a personal injury case. You can always find an issue of fact somewhere. But I would suggest to the court that if ever there was a case where summary judgment should be affirmed, keep in mind not one but two judgments in the trial court, Judge Kimmel and then Judge Horace, reaffirmed and granted the summary judgment. If ever there was a case where summary judgment should be reaffirmed, this is the one. Is that the same argument used in the Kmart case? Kmart case? I think I was involved in the Kmart case. Why don't I just tease him? I don't know how many judges were in that one. But in this case, you have two affidavits. Really, this case is based on two affidavits. There are no depositions. We have two affidavits. You can take the affidavit that I submitted that was written by the farmer, the defendant. You can take it, tear it up, and throw it out the door. And you can base your rulings solely on the affidavit presented by the plaintiff. Because if you look at the plaintiff's own affidavit, it does not support the case in warrant summary judgment. Why do I say that? If you look at the plaintiff's affidavit, a portion, I'm not going to read the whole thing, but a portion of the plaintiff's affidavit states, and I'm quoting, After making adjustments to the carburetor, I turned to approach the rear of the tractor to attempt a diagnosis and prepare the gear problem. End quote. Now, notice the pronoun is I. It's not we. It's not the defendant. It's I. Going on with the affidavit, plaintiff's affidavit. Quote, Then he goes on to state, again quoting, This is the plaintiff's affidavit. What we do know, based on this affidavit, and what's before this court, is that the defendant was standing 10 feet away, and the plaintiff was manipulating the tractor by himself. The pronoun I. And in the course of doing that, it slipped into gear and rolled over him. Is that reasonably foreseeable when you have any kind of motorized vehicle and the engine is running? That it will slip into gear? That it could slip and move? I'd say it's reasonably foreseeable if you anticipate somebody's going to inadvertently operate the clutch lever. Otherwise, no, it shouldn't be slipping into gear and moving. If the clutch is disengaged on this type of a vehicle, it should remain disengaged until somebody pushes it. So I'd say it's only reasonably foreseeable if you anticipate somebody's going to inadvertently push it. I'm sorry, I couldn't hear the last part of what you said. I'd say it's only reasonably foreseeable if you're going to anticipate that somebody's going to push on it. These tractors are used, the power takeoff is used to operate other implements. The tractor will be running. Yeah, when you've got a power takeoff, you're in neutral. Well, you're in neutral. And he's not in neutral. It's got to do with the clutch. It's not in gear. But as long as that clutch is disengaged, that tractor shouldn't be moving. Well, let's go on. Let's talk about the next layer of analysis, if you will. What's the plaintiff's theory of liability? Now, if you look at the affidavit, there's nothing in the plaintiff's affidavit that says the defendant did anything wrong. There's nothing in there. If you look at that affidavit, you say, what did the defendant do wrong? There's nothing that suggests he did anything wrong. Nothing. So what's the plaintiff's theory? Well, then we look at the allegations of the plaintiff. What's the plaintiff claiming? In the plaintiff's brief and in the pleadings that were filed, the plaintiff essentially says two things. Here's what he says. I'm quoting. This is page 10 of the plaintiff's brief. It is the plaintiff's position that Raymond Klump owed a duty of reasonable care to William Klump. That's fine. Then it goes on to state, it is plaintiff's position that Raymond Klump breached that duty by actions including but not limited to, first, failed to block the tractor in a manner sufficient to prevent movement in the event the hand clutch failed. Second, failed to maintain the presence of a reasonably competent tractor operator in the driver's seat of the tractor during attempted repair. Those are the theories. You won't find anything to support that in the affidavit. It's not there. And this is a summary judgment based on the affidavits that were before the court. Now, what about these theories? What about block the wheels? What does that mean? If you put a block behind a wheel, yes. It will climb over. Exactly. It will climb right over it. So how is the plaintiff going to get around the notion that the tractor is going to go right over the block? I mean, we're not even there because these facts are not before the court. But if we were, it would go right over it. And the second theory is there should have been somebody sitting in the operator's seat. Keep in mind the issue is the lever is stuck. You've got somebody sitting in the seat with the lever between his legs. No, that's the shift lever between his legs. I'm sorry? Isn't that the shift lever? The clutch is always right. And the clutch is over on the right. And you've got a person, a mechanic, trying to repair it. Now he's having to reach over the person in the seat's legs to get to the shift lever. I mean, I don't think that's a reasonable charge. I thought he said he might have bumped the clutch. Not the shift lever. Oh, you're right. Maybe I'm not making myself clear. The shift lever is stuck. And the plaintiff is reaching when it's happening. I didn't think the lever was stuck. I thought it was stuck in gear. It doesn't mean the lever is stuck. Well, here's my understanding of the facts based on the affidavit. The gear shift lever is in A position. It's stuck in gear. The plaintiff at the time is reaching over to manipulate the shift lever when he bumps the clutch. That's what happened. That's what the affidavit said. So my point is, this notion about having somebody sitting in the seat, if you're going to reach over to manipulate the shift lever, now you've got to reach around or over or by a person who's sitting in the seat. My point is that I don't think that's a valid allegation. But we don't even get there because there's nothing in the affidavit to support it. There's nothing in the affidavit to support it. This is a motion for summary judgment based on two affidavits. Factually, the affidavits are maternally the same. You can read either one. Substantively, they're the same. And the question is, is there anything in those affidavits to support negligence on the part of the defendant? And there's not. There's not. The theories articulated by the plaintiff know that. Is there anything to support those two theories? Judge Schwartz, in his order, I think summarized it as well as I could do it. He says, The plaintiff took it upon himself to attempt repairs on the tractor owned by the defendant. The defendant took no part in the repair process and stood some distance away. The plaintiff did not ask for assistance, and none was given. All actions were solely taken by the plaintiff of his own accord and as a result of his own decisions and deductions. The plaintiff offers no viable theory of duty owed by the defendant to the plaintiff. Consequently, there is no breach of a nonexistent duty. Any fault that may exist belongs solely to the plaintiff for the actions which he took to fail to protect himself. So this is an unfortunate accident, but there's no duty. The defendant's a farmer. He's not a mechanic. The mechanic is the one in the best position to anticipate or foresee a danger. The defendant, the mechanic, is in the best position to request assistance if he deems it necessary. The mechanic is the one that can say, Hey, farmer, would you come over here and sit in the seat and help me? None of that happened. None of that occurred. No one in this case is earning affidavit to support that based on what's before this court. I believe the trial court properly granted server judgment, and I would ask that this court confirm the ruling of the trial court. Thank you. Thank you, counsel. Counsel? Thank you, Your Honor. Well, Your Honor, in the case of Ward v. Kmart, our Supreme Court said there was nothing unreasonably dangerous about the post. It's just an ordinary post. But the question our Supreme Court said is not whether the post was inerrantly dangerous, but whether under the facts of this case it was unreasonably dangerous. And nobody alleged in Ward v. Kmart that Kmart made Ward walk into the post. Nobody alleged in Matthew Rexrude v. City of Springfield that the defendant caused Matthew Rexrude to step in a hole and break his ankle. Nobody in subject said that anyone in all the subject could drive the bulldozer off the trailer and turn it over. In Clifford v. Wharton, the court, citing Ward and Rexrude, rejected the defendant's position that the defendant was not liable because the defendant had not created the hazard which caused the injury. The court focused on the duty of an occupier of land to foresee that a person may become distracted or for some other reason fail to protect himself or herself. That's what this case is about. The affidavits agree that the tractor was running, the tractor was stuck in gear, the clutch was engaged, and the clutch became disengaged. They agree on those facts, but that has nothing to do with summary judgment. The fact that Floyd Clump wasn't helping Bill doesn't negate Floyd Clump's duty of reasonable care to this invitee on his premises who's working on his tractor. He should have seen that Bill Clump was, for whatever reason, distracted or whatever, he wasn't taking proper steps to protect himself. And as far as the big issue with the gear shift, it's between your legs on a tractor, but it's forward, you can pull your feet back, you can swing one leg over. There's no big problem, insurmountable problem, I don't think there's no evidence to indicate that there's an insurmountable problem with moving the gear while the thing was running. It's the simplest thing would have been to turn it off before you tried to move the gear shift. Obviously that didn't happen. Floyd Clump could have done that as easily as Bill Clump, and Bill Clump failed to do so. Bill Clump didn't say that he did fall against the thing, he said it was possible, just one of those things, like Monday morning quarterback, people that are injured tend to wonder what happened, how did it happen? It was his duty as a witness to say under oath anything that might have happened, and I don't know what happened. But to argue that the affidavits support some of the judgments, I think completely misplaced. Thank you, counsel. We appreciate the briefs and arguments of counsel, and we will take this case under advisement. Thank you.